IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ROGER A. SALVATORA, *et al*, <br><br> *Plaintiffs,* <br><br> v. <br><br> XTO ENERGY INC., <br><br> *Defendant.* | Civil Action No. 2:19-cv-1097 <br><br> Hon. William S. Stickman IV <br> Hon. Christopher B. Brown |

## ORDER OF COURT

Putative class members Roger A. Salvatora, Sandra E. Salvatora, D&M Marburger Family Enterprises, L.P., Heasley's Nurseries, Inc., Rodney L. Lang, and Bonita A. Lang (collectively "Plaintiffs") initiated this civil action in August 2019 for alleged breaches of natural gas royalty leases against XTO Energy Inc. ("XTO"). (ECF No. 1). The Court certified two claims, Counts II and III of the Third Amended Complaint,[1] for class treatment. (ECF No. 173). The following motions are pending before Court: (1) Plaintiffs' motion for summary judgment (ECF No. 240); (2) XTO's motion for summary judgment (ECF No. 243); (3) XTO's motion to exclude certain opinions of John Burritt McArthur (ECF No. 246); (4) XTO's motion to exclude Barry Pulliam's opinions (ECF No. 248); (5) Plaintiffs' motion to exclude portions of Kris L. Terry's opinions (ECF No. 250); and (6) Plaintiffs' motion to exclude portions of Lesa S. Adair's opinions (ECF No. 252). In an extensive Report and Recommendation, Magistrate Judge Christopher B. Brown recommended that the Court deny Plaintiffs' motion for summary judgment, grant XTO's motion for summary judgment in its entirety, and deny all pending

---

[1] Plaintiffs allege XTO breached their leases by underpaying royalties in two ways–by deducting inflated post-production costs from royalties (Count II), and by deducting post-production costs from royalties after the gas products were in marketable form (Count III).

1

challenges to expert testimony as moot. (ECF No. 278). The parties were given the opportunity to file objections and Plaintiffs did so. (ECF No. 279). XTO then filed a response to Plaintiffs' objections. (ECF No. 280).

After its independent *de novo* review of the record and consideration of the pleadings of the parties,[2] the Court hereby ADOPTS Magistrate Judge Brown's Report and Recommendation as its Opinion. The Court OVERRULES Plaintiffs' objections. (ECF No. 279). It concurs with Magistrate Judge Brown's thorough analysis of the remaining claims, Counts II and III, and his legal conclusions.

AND NOW, this _19_ day of March 2026, IT IS HEREBY ODERED that Plaintiffs' motion for summary judgment (ECF No. 240) is DENIED, and XTO's motion for summary judgment (ECF No. 243) is GRANTED. IT IS FURTHER ORDERED that all motions challenging expert testimony (ECF Nos. 246, 248, 250, and 252) are DENIED as moot.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[2] Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); FED. R. CIV. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

2